IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIVIL NO. 14-00453 SOM/BMK |
| GABI KIM COLLINS, | ) ) | ORDER DENYING MOTION FOR STAY PENDING APPEAL AND DENYING |
| Debtor/ Appellant, | ) ) ) | MOTION TO VACATE AND SET ASIDE NONJUDICIAL FORECLOSURE SALE; ORDER DENYING MOTION TO |
| _____ | ) ) | STRIKE OPPOSITION OF BAYVIEW LOAN SERVICING LLC; ORDER |
| GABI KIM COLLINS, | ) ) | DENYING EMERGENCY MOTION FOR MONETARY SANCTIONS AND TO |
| Plaintiff/ Appellant, | ) ) ) | VACATE SALE |
| vs. | ) ) | |
| COUNTRYWIDE HOME LOANS, INC., et al., | ) ) ) | |
| Defendants/ Appellees. | ) ) ) | CIVIL NO. 14-00488 SOM/BMK |
| _____ | ) | |

**ORDER DENYING MOTION FOR STAY PENDING APPEAL AND DENYING MOTION
TO VACATE AND SET ASIDE NONJUDICIAL FORECLOSURE SALE;
ORDER DENYING MOTION TO STRIKE OPPOSITION OF
BAYVIEW LOAN SERVICING LLC; ORDER DENYING
EMERGENCY MOTION FOR MONETARY SANCTIONS AND TO VACATE SALE**

**I.      INTRODUCTION.**

Debtor/Appellant Gabi Kim Collins had failed to pay monthly maintenance fees since late 2009 for a condominium unit she owns at the Kemoo by the Lake condominium project. The Association of Apartment Owners ("AOAO") for that condominium project placed a lien on her unit and recently conducted a nonjudicial foreclosure. Collins asks this court to stay the nonjudicial foreclosure sale pending appeal, to vacate and set

aside the nonjudicial foreclosure sale, and to impose monetary sanctions on the AOAO's attorneys. She also requests that the Bayview Loan Servicing LLC's opposition be stricken. All of her requests are denied.

**II.   FACTS.**

The facts underlying this case were set forth in an order issued on October 30, 2013, by Judge Virginia Lee Crandall in state court, denying Collins's Motion for a Preliminary Injunction. See Civ. No. 12-1-2513-09 VLC, ECF No. 17-2. The Findings of Fact ("FoF") section of that order stated that Collins became the owner of an apartment in the Kemoo by the Lake condominium in 2006 and that she had not been making monthly payments to the AOAO since late 2009. FoF # 1 and 2. As of June 10, 2013, Collins owed the AOAO more than $22,000. FoF # 23. The Conclusions of Law ("CoL") section of that order stated that the AOAO was authorized to place a lien on Collins's property and that the AOAO had complied with the requirements for a nonjudicial foreclosure. See CoL # 6-8. Judge Crandall ruled that Collins had not submitted a reasonable payment plan covering what Collins owed to the AOAO. Collins had offered to pay only about half the amount due and, in a second plan, had offered to stretch payments over ten years. CoL # 11. Judge Crandall denied Collins's request for a preliminary injunction, ruling that (1) Collins was not likely to win on the merits of any

claim, including a claim brought under the Fair Debt Collection Practices Act; (2) although the loss of one's home constitutes irreparable harm, the record was not clear as to whether Collins lived at the Kemoo apartment; (3) Collins had failed to demonstrate that she could pay the outstanding amount or to keep up with the monthly fees; (4) the public interest favored the AOAO because a unit owner must pay monthly fees so that other owners need not bear the burden of those fees; and (5) the balance of hardships did not weigh in favor of the injunction because Collins had not made a monthly payment to the AOAO since 2009. See CoL # 15-19.

A few hours later on October 30, 2013, Collins filed a voluntary Chapter 13 petition with the United States Bankruptcy Court for the District of Hawaii. U.S. Bankr. Ct. No. 13-01783, Dkt # 1. During the course of the bankruptcy proceeding, Collins filed four proposed Chapter 13 plans, none of which was confirmed. Id., Docket # 219, Page 2.

On August 29, 2014, the bankruptcy court sustained objections to Collins's fourth plan and granted the trustee's motion to dismiss the case. Id., Docket # 194 ("August 29 Order").

On September 8, 2014, Collins filed a motion to reconsider the dismissal of her case. Id., Docket # 207. In

that motion, she complained about the AOAO's attempt to sell her apartment via a nonjudicial foreclosure sale.

On September 16, 2014, the bankruptcy court issued an order denying Collins's motion to reconsider. Id., Docket # 209 ("September 16 Order"). The next day, the bankruptcy court dismissed Collins's complaint against Countrywide Home Loans, Inc., and Bayview Loan Servicing, LLC, filed in an adversary proceeding that Collins had initiated on June 25, 2014 ("September 17 Order"). See U.S. Bankr. Ct. No. 14-90038, Docket # 15; Civil No. 14-00488. The adversary proceeding complaint was dismissed pursuant to Local Bankruptcy Rule 7001-2, which states, "Whenever a case is dismissed, any adversary proceeding filed in connection with that case will be dismissed without prejudice unless otherwise ordered, and any proceedings that have been removed to the bankruptcy court in connection with that case shall be remanded."

Collins has appealed the bankruptcy court's August 29 Order dismissing the Chapter 13 bankruptcy proceeding, the September 16 Order denying reconsideration of that order, and the September 17 Order dismissing the adversary proceeding based on the dismissal of the underlying bankruptcy proceeding. The merits of these appeals are in the process of being briefed.

On October 17, 2014, Collins filed a "Declaration Opposing Memorandum of Decision by the Bankruptcy Court Denying

the Stay; Declaration Supporting Urgent Need to Stay All Proceedings Pending Appeal" ("Motion to Stay"), seeking a stay of the foreclosure proceedings on her apartment at the Kemoo by the Lake condominium project ("Kemoo Property") by the AOAO. See ECF No. 7.

On November 7, 2014, the Kemoo Property was sold at auction to the AOAO. See ECF No. 33, PageID # 881-82.

On November 14, 2014, Collins filed an "Emergency Motion" requesting that this court vacate and set aside the foreclosure sale of November 7, 2014, and issue injunctive relief and a protective order pending appeal ("Motion to Vacate and Set Aside"). See ECF No. 22.

On November 20, 2014, Collins filed an "Emergency Motion" to sanction the AOAO's attorney and to vacate the nonjudicial foreclosure sale. See ECF No. 40.

A hearing was held on Collins's motions on November 20, 2014. At that hearing, Collins admitted that she has not lived in the Kemoo Property apartment for five years. The AOAO also agreed at that hearing to refrain from selling its interest in the Kemoo Property apartment that formerly belonged to Collins and to convey that interest back to Collins if so ordered by this court.

**III.    TRO STANDARD.**

Although given different names, Collins's multiple "emergency motions" are, in essence, motions for temporary restraining orders.  The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order); Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., Civ. No. 12-00064 LEK-KSC, 2012 WL 381209, *6 (D. Haw. Feb. 3, 2012).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); accord Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009) ("Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest.").

The Supreme Court has cautioned that a "preliminary injunction is an extraordinary and drastic remedy never awarded as of right." Winter, 555 U.S. at 24. Courts balance the competing claims of injury and consider the effect on each party of granting or denying the injunction. Id.

**III. ANALYSIS.**

**A. Collins's Motion to Stay is Denied as Moot.**

To the extent Collins may have asked this court to stay the November 7, 2014, nonjudicial foreclosure sale of her unit, that motion is denied as moot, as Collins's interest in the Kemoo Property apartment has already been sold at auction. See, e.g., Florio v. Vista Pac. Holdings, 2012 WL 3023265, at *1 (D. Nev. July 24, 2012) ("The Court denies Florio's first motion for a TRO and a preliminary injunction as moot. The foreclosure sale which Florio requested the Court to enjoin has already taken place as discussed in Florio's Motion to Set Aside."); Tina v. Countrywide Home Loans, Inc., 2008 WL 4790906, at *3 (S.D. Cal. Oct. 30, 2008) ("As in their TRO application, Plaintiffs ask the court to enjoin the foreclosure sale of their property. Under the same analysis presented in the court's denial of that application (Doc. No. 12), this request is denied as moot as the foreclosure sale took place on July 11, 2008.").

The court notes that Collins's first request that this court stay the foreclosure sale was filed prior to the sale, but

the request itself was so buried in documents that it was not discernible unless those documents were reviewed in detail, something the court does not do immediately following filing unless the need for immediate review is clear from the face of the document. On October 17, 2014, Collins filed a "Request for Approval to Use the Electronic Filing System for Bankruptcy Appeals and to Consolidate Appeals Into One." See ECF No. 6. Buried in that document was a request for the court to "STAY all proceedings pending appeal." Id., PageID # 6. Collins did not specifically ask this court to stay the sale scheduled for November 7, 2014. See id. In a lengthy "Declaration Opposing Memorandum of Decision by the Bankruptcy Court Denying the Stay; Declaration Supporting Urgent Need to Stay All Proceedings Pending Appeal" filed the same day, Collins noted that the nonjudicial foreclosure sale was scheduled for November 7, 2014. See ECF No. 7, PageID # 85.

Because it appeared from the titles of her filings that Collins was asking to use the court's electronic filing system and to consolidate appeals, the matters were referred to the Magistrate Judge assigned to this case for adjudication. On October 21, 2014, the Magistrate Judge issued a briefing schedule for the part of the motion requesting a stay of proceedings pending appeal, setting the opposition deadline for November 11, 2014, and the reply deadline for November 24, 2014. See ECF No.

12.  On October 28, 2014, the opposition deadline was changed to November 6, 2014.  See ECF No. 13.  Given the manner in which Collins initially sought to stay the sale, her request was not addressed earlier.

On November 7, 2014, the day of the nonjudicial foreclosure sale, Magistrate Judge Kurren ruled on Collins's request to use the court's electronic filing system and to consolidate her appeals.  He then set the part of her motion pertaining to a stay of proceedings before this judge.  See ECF No. 20.

One week after the sale of Collins's unit, Collins filed her Emergency Motion to Vacate and Set Aside Wrongful Non-Judicial Foreclosure Sale.  See ECF No. 22.

### B. Collins's Motion to Vacate and Set Aside the Nonjudicial Foreclosure Sale is Denied.

#### 1. Collins Fails to Show A Likelihood of Success on the Merits.

Because of her pro se status, the court liberally construes Collins's motion and gleans that she is complaining that, while her underlying bankruptcy and this appeal were pending, the AOAO sold her apartment at public auction to itself for $11,000, in violation of the automatic bankruptcy stay.  She says she tried to cure the default, but was not allowed to, and also argues that the AOAO's attorneys violated the Fair Debt Collection Practices Act.  She further complains that Courtney

9

Brown, a potential bidder at the auction, was not allowed to bid on her property. None of these arguments justifies the requested injunction.

First, Collins makes no showing that she is likely to succeed on the merits of her appeals. She does not attempt to show that she had a viable plan such that the dismissal of the underlying bankruptcy and the automatic dismissal of the accompanying adversary proceeding were improper.

Second, Collins makes no showing in her motion that the AOAO actually violated any automatic stay imposed by the bankruptcy court. Given the dismissal of the bankruptcy case, the subsequent sale of the apartment on November 7, 2014, cannot be said to have violated the automatic stay provision, as no automatic stay was in effect at the time of the sale (or the publication for the sale).

Citing section 421J-10.5 of Hawaii Revised Statutes, Collins argues that the automatic stay was still in effect when the property was sold because of the purported "tolling" effect of that statute. At the hearing on the present motions, the AOAO contended that the statute does not apply to this case at all. Indeed, chapter 421J applies to planned community associations, not to condominium AOAOs. See Haw. Rev. Stat. § 421J-1; see also Lee v. Puamana Cmty. Ass'n, 109 Haw. 561, 575, 128 P.3d 874, 888 (2006).

In any event, Collins misreads section 421J-10.5, which states in relevant part:

> Any proceedings to enforce an association's lien for any assessment shall be instituted within six years after the assessment became due; provided that if the owner of a unit subject to a lien of the association files a petition for relief under the United States Bankruptcy Code (11 U.S.C. § 101 et seq.), the period of time for instituting proceedings to enforce the association's lien shall be tolled until thirty days after the automatic stay of proceedings under section 362 of the United States Bankruptcy Code (11 U.S.C. § 362) is lifted.

Section 421J-10.5 clearly provides an association with extra time to file an action to enforce a lien when an owner files for bankruptcy, tolling the limitations period for 30 days after the automatic stay provision of the bankruptcy code is lifted. No thirty-day grace period for the defaulting owner is provided for.

Third, because there was no stay of the nonjudicial foreclosure proceedings pending Collins's appeal of the dismissal of her bankruptcy, nothing prohibited the AOAO from conducting that sale. In other words, Collins did not obtain a stay by posting a bond pending the outcome of her appeal.

Fourth, the state court appears to have already rejected Collins's arguments that the AOAO had wrongfully not allowed her to cure her default and that the AOAO's attorneys had violated the Fair Debt Collection Practices Act.

Fifth, Collins has not shown that there was any prohibition on Brown's bidding at the auction that justifies unwinding the sale. Arlette S. Hamada, the AOAO's attorney, knew Brown and told him prior to the auction that he would not be allowed to bid. See Supplemental Decl. of Arlette S. Hamada ¶¶ 5-6. According to Hamada, Brown had accompanied Collins to court hearings in state court as well as in the bankruptcy court. Hamada believed that Collins may have worked for Brown at some point. See id. ¶ 5. On the same day that Hamada sold Collins's apartment, Hamada sold a property belonging to Ukuwai Investments, LLC, whose sole member was Brown. Id. ¶ 6. Hamada has had "many experiences" in which Brown has bid on foreclosure properties, providing the required 10% down payments, then failing to close the sales, forcing Hamada to reauction the properties after further publication. Id. ¶ 9. Hamada says that, given Brown's association with Collins, Hamada refused to qualify Brown at the hearing, although he showed her approximately $5,000 in cash. Id. ¶¶ 8-9. Hamada believes that Brown's modus operandi is to delay the foreclosure process for an individual (purportedly "his client") by providing only a down payment of 10% of a sales price but not completing the sale, thereby delaying the foreclosure process for very little money while the foreclosure process is redone. Id. ¶ 9.

Collins provides no authority for the proposition that a bidder must be allowed to bid at a public auction even when an auctioneer has had experiences with the bidder in which the bidder has abused the process by bidding with no intention of following through by purchasing the property.

Collins has therefore failed to demonstrate any likelihood of success on the merits with respect to any of her arguments. Given that failure, Collins is not entitled to injunctive relief.

### 2. **Collins Fails to Show Irreparable Harm**.

Collins also fails to demonstrate that she will suffer irreparable harm if the court does not act immediately. Injunctions will not issue when there is only a possibility of irreparable harm or when there is no possibility of irreparable harm. See Winter, 555 U.S. at 22. At the hearing, Collins admitted that she has not lived in the Kemoo Property apartment for five years. This is not a situation in which a debtor is about to lose a place to live. Moreover, the AOAO stated at the hearing that, pending this court's ruling on Collins's bankruptcy appeals, the AOAO will not sell its interest in the property. If required by this court's rulings on Collins's appeals, the AOAO will convey the property back to Collins. The court also notes that at least some of what Collins seeks is monetary sanctions; money, being fungible, does not ordinarily serve to establish

irreparable harm.  See Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1145 (9th Cir. 1989) (noting that money damages are not normally considered irreparable harm).  Under these circumstances, Collins does not satisfy the irreparable harm requirement for injunctive relief.

> **3. The Balance of Equities Does Not Tip in Collins's Favor, and an Injunction is Not in the Public's Interest.**

Collins admitted that she has not lived in the Kemoo Property apartment for the last five years.  Hamada, the AOAO's attorney, represents that the Kemoo Property apartment is "sitting vacant."  It is equitable to allow the AOAO to recoup some of the money Collins owes, even if the AOAO's ownership is limited because Collins's lenders, who have superior liens, might also foreclose on their loans or the AOAO might have to return the property if Collins ultimately prevails on her appeal.

This court notes that the balance of equities does not tip in Collins's favor because she shows no likelihood of success on the merits or any possibility of irreparable harm.  For the same reasons, it is also in the public's interest that no injunction issue.

**IV.    CONCLUSION.**

To the extent Collins seeks to enjoin the nonjudicial sale of her property, that request is denied as moot because the sale has already occurred.

To the extent Collins seeks to unwind the sale, Collins's request is denied. Collins shows neither a likelihood of success on the merits nor any possibility of irreparable harm. She also fails to demonstrate that the balance of equities tips in her favor or that the injunction is in the public interest. For the same reason, the court denies Collins's request for sanctions.

The court also denies her request to have the opposition filed by Bayview Loan Servicing LLC stricken, as the court is not persuaded that Bayview must establish that it has standing to foreclose on Collins's note and mortgage before opposing Collins's motion for injunctive relief. Bayview is not here asking the court for affirmative relief, but is instead simply opposing Collins's motions.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 25, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In re Gabi Kim Collins, Civ. No. 14-00453 SOM/BMK, and Gabi Kim Collins v. Countrywide Home Loans, Inc., et al., Civ. No. 14-00488 SOM/BMK; ORDER DENYING MOTION FOR STAY PENDING APPEAL AND DENYING MOTION TO VACATE AND SET ASIDE NONJUDICIAL FORECLOSURE SALE; ORDER DENYING MOTION TO STRIKE OPPOSITION OF BAYVIEW LOAN SERVICING LLC; ORDER DENYING EMERGENCY MOTION FOR MONETARY SANCTIONS AND TO VACATE SALE