IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re ) | CIVIL NO. 14-00453 SOM/BMK |
| ) | |
| GABI KIM COLLINS, ) | ORDER DENYING MOTION SEEKING |
| ) | RECONSIDERATION OF NOVEMBER |
| Debtor/ ) | 25, 2014, ORDER |
| Appellant, ) | |
| _____ ) | |
| ) | |
| GABI KIM COLLINS, ) | |
| ) | |
| Plaintiff/ ) | CIVIL NO. 14-00488 SOM/BMK |
| Appellant, ) | |
| ) | |
| vs. ) | |
| ) | |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants/ ) | |
| Appellees. ) | |
| _____ ) | |

            **ORDER DENYING MOTION SEEKING RECONSIDERATION
                    OF NOVEMBER 25, 2014, ORDER**

**I.      INTRODUCTION.**

        Debtor/Appellant Gabi Kim Collins failed to pay monthly

maintenance fees from late 2009 for a condominium unit she owned

at the Kemoo by the Lake condominium project.  The Association of

Apartment Owners ("AOAO") for that condominium project placed a

lien on her unit, and then, after Collins's bankruptcy case was

dismissed, conducted a nonjudicial foreclosure.  Collins asked

this court to stay the nonjudicial foreclosure sale pending

appeal, to vacate and set aside the nonjudicial foreclosure sale,

and to impose monetary sanctions on the AOAO's attorneys.  In an

order of November 25, 2014, the court denied each of these requests.  See ECF No. 44.  Collins now moves for reconsideration of that order.  Because she fails to demonstrate any reason justifying reconsideration of the order, her motion for reconsideration is denied.

II.     **RECONSIDERATION STANDARD.**

A "motion for reconsideration must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

Collins seeks relief from an interlocutory order.  Accordingly, her motion is governed by Local Rule 60.1, which allows such motions based on (a) discovery of new material facts not previously available, (b) intervening changes in law, and (c) manifest errors of law or fact.  See also Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1153 (D. Haw. 2004) (noting that reconsideration motions may be granted when there is a need to correct a manifest error or to prevent manifest injustice); Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (same).

Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. Hawaii Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)).

**III. ANALYSIS.**

**A. Collins Fails to Show that the Nonjudicial Foreclosure Sale is Void.**

Citing section 514-A90(a) of Hawaii Revised Statutes, Collins argues that the AOAO's right to enforce its lien was "tolled" such that the AOAO was not allowed to notice the sale of her property immediately after Collin's bankruptcy case had been dismissed. This argument is identical to the argument she made in the underlying motions based on section 421J-10.5 of Hawaii Revised Statutes, which the court rejected.

Like section 421J-10.5, section 514-A90(a) clearly provides an association of apartment owners with extra time to file an action to enforce a lien when an owner files for bankruptcy, tolling the limitations period for 30 days after the

automatic stay provision of the bankruptcy code is lifted. Collins misreads that section when she argues that it provides a thirty-day grace period for a defaulting owner:

> Any proceedings to enforce an association of apartment owners' lien for any assessment shall be instituted within six years after the assessment became due; provided that if the owner of an apartment subject to a lien of the association of apartment owners files a petition for relief under the United States Bankruptcy Code (11 U.S.C. § 101 et seq.), the period of time for instituting proceedings to enforce the association of apartment owners' lien shall be tolled until thirty days after the automatic stay of proceedings under section 362 of the United States Bankruptcy Code (11 U.S.C. § 362) is lifted.

Haw. Rev. Stat. § 514-A90(a). Because section 514-A90(a) did not prevent the AOAO from conducting nonjudicial foreclosure proceedings for 30 days after Collins's bankruptcy was dismissed, Collins fails to show that the sale is void based on that statute.

Nor is the nonjudicial foreclosure sale rendered void because Courtney Brown was not allowed to bid at the public auction. This court addressed this argument in its order of November 25, 2014. Collins's disagreement with the order on that point does not require reconsideration of it. See Hawaii Stevedores, 363 F. Supp. 2d at 1269.

4

### B. Reconsideration is Not Justified By Collins's Other Arguments.

Collins contends that there are various inaccuracies, falsities, and procedural improprieties in the sale of her unit. But Collins does not show that this purported evidence was unavailable to her such that it justifies reconsideration of the order of November 25, 2014. See Hawaii Stevedores, 363 F. Supp. 2d at 1269; Local Rule 60.1(a) (reconsideration of interlocutory orders may be based on "Discovery of new material facts not previously available.").

Even if the court considered that purported evidence, reconsideration would not be warranted, as Collins does not establish any possibility of an irreparable injury. The underlying motions came before the court in the form of "emergency motions," asking the court to stay the foreclosure sale and to vacate the sale pending adjudication of Collins's appeals. The court treated the motions as motions for a temporary restraining orders. To succeed on such motions, Collins was required to "establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in h[er] favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

In the court's order of November 25, 2014, the court ruled that Collins had failed to demonstrate any irreparable injury:

> Collins admitted that she has not lived in the Kemoo Property apartment for five years. This is not a situation in which a debtor is about to lose a place to live. Moreover, the AOAO stated at the hearing that, pending this court's ruling on Collins's bankruptcy appeals, the AOAO will not sell its interest in the property. If required by this court's rulings on Collins's appeals, the AOAO will convey the property back to Collins. The court also notes that at least some of what Collins seeks is monetary sanctions; money, being fungible, does not ordinarily serve to establish irreparable harm. See Cotter v. Desert Palace, Inc., 880 F.2d 1142, 1145 (9th Cir. 1989) (noting that money damages are not normally considered irreparable harm).

ECF No. 44, PageID #s 1088-89. Collins's reconsideration motion makes no attempt to show an irreparable injury. Given that failure, she is not entitled to the temporary injunctive relief she requested--the unwinding of the nonjudicial foreclosure sale of her unit.

**IV. CONCLUSION.**

The court denies Collins's motion seeking reconsideration of the order of November 25, 2014.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 15, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In re Gabi Kim Collins, Civ. No. 14-00453 SOM/BMK, and Gabi Kim Collins v. Countrywide Home Loans, Inc., et al., Civ. No. 14-00488 SOM/BMK; ORDER DENYING MOTION SEEKING RECONSIDERATION OF NOVEMBER 25, 2014, ORDER