IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CIVIL NO. 14-00453 SOM/BMK |
| | ) | CIVIL NO. 14-00488 SOM/BMK |
| GABI KIM COLLINS, | ) | |
| | ) | |
|     Debtor/ | ) | ORDER AFFIRMING BANKRUPTCY |
|     Appellant, | ) | COURT ORDERS |
| _____ | ) | |
| | ) | |
| GABI KIM COLLINS, | ) | |
| | ) | |
|     Plaintiff/ | ) | |
|     Appellant, | ) | CIVIL NO. 14-00488 SOM/BMK |
| | ) | |
|   vs. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC., | ) | |
| et al., | ) | |
| | ) | |
|     Defendants/ | ) | |
|     Appellees. | ) | |
| _____ | ) | |

**ORDER AFFIRMING BANKRUPTCY COURT ORDERS**

**I.      INTRODUCTION.**

      Debtor/Appellant Gabi Kim Collins filed a Chapter 13 bankruptcy case. After Collins failed four times to offer a viable Chapter 13 plan, the bankruptcy court determined that there was no reasonable chance that a viable plan would be confirmed in a reasonable amount of time. Because the lack of progress towards a viable plan resulted in an unreasonable delay prejudicial to Collins's creditors, the bankruptcy court dismissed Collins's Chapter 13 case. Pursuant to Local Rule, the bankruptcy court, having dismissed the Chapter 13 case, also

dismissed an adversary proceeding in which Collins was challenging secured creditors' claims. Collins appeals these rulings. This court affirms.

**II.     FACTS.**

Collins unsuccessfully sought a state court injunction prohibiting a nonjudicial foreclosure sale of her real property. See Civ. No. 12-1-2513-09 VLC, ECF No. 17-2.

A few hours after the state court denied her motion for preliminary injunction, Collins filed a voluntary Chapter 13 petition with the United States Bankruptcy Court for the District of Hawaii. U.S. Bankr. Ct. No. 13-01783, Dkt # 1.

Collins's Amended Schedules in her bankruptcy case indicated that: 1) Countrywide Home Loans had a secured claim of $132,000; 2) AOAO Palehua Community had a secured claim of $3,000; 3) Bayview Financial Loan had an unsecured claim of $132,000; 4) Real Time Resolutions, Inc., had an unsecured claim of $42,348; 5) Kemoo by the Lake AOAO had an unsecured claim of $51,920, 6) Porter McGuire Kiakona Chow had an unsecured claim of $25,000, and 7) five companies had unsecured claims totaling more than $60,000 for what appear to be credit card debts. See U.S. Bankr. Ct. No. 13-01783, Dkt # 80.

During the bankruptcy proceedings, Collins filed four proposed Chapter 13 plans. See Docket # 13 (Nov. 20, 2013, Plan); Docket # 21 (First Amended Plan of Jan. 6, 2014); Docket

# 78 (Second Amended Plan of Apr. 21, 2014); Docket # 129 (Third Amended Plan of July 21, 2014). None of the plans was confirmed. Docket # 219, Page 2.

On August 20, 2014, the bankruptcy trustee objected to Collins's Third Amended Plan as not feasible, unintelligible, and unduly speculative. The trustee asked that Collins's bankruptcy case be dismissed because of unreasonable delay that was prejudicial to creditors. See U.S. Bankr. Ct. No. 13-01783, Docket No. 177-1. On August 28, 2014, the bankruptcy court held a hearing on the proposed Third Amended Plan and the trustee's request for dismissal of Collins's Chapter 13 case.

At the hearing, Bankruptcy Judge Robert Faris noted that the Third Amended Plan "apparently works only if the mortgage claims and the Association's claims, as secured claims, are reduced to zero or close to zero. And that's pretty much impossible." See ECF No. 77-1 at 3, PageID # 2868. The Statement in the Third Amended Plan listing the Countrywide Home Loans claim secured by property on Wilikina Drive as $0.00 contrasted with Collins' Amended Schedule D indicating that Countrywide Home Loans claimed a debt of $132,000 secured by the Wilikina Drive property. Cf. U.S. Bankr. Ct. No. 13-01783, Docket # 129, page 3 with U.S. Bankr. Ct. No. 13-01783, Docket # 80, page 6. Bankruptcy Judge Faris declined to confirm the Third Amended Plan and dismissed Collins's Chapter 13 case in

light of the unreasonable delay that prejudiced creditors.  See
ECF No. 77-1.  On August 29, 2014, he issued a written order to
that effect.  See U.S. Bankr. Ct. No. 13-01783, Docket # 194
("August 29 Order").

On September 8, 2014, Collins filed a motion to
reconsider the August 29 Order.  See U.S. Bankr. Ct. No. 13-
01783, Docket # 207.  On September 16, 2014, the bankruptcy court
issued an order denying Collins's motion to reconsider.  See U.S.
Bankr. Ct. No. 13-01783, Docket # 209 ("September 16 Order").

The next day, the bankruptcy court dismissed Collins's
adversary proceeding complaint against Countrywide Home Loans,
Inc., and Bayview Loan Servicing, LLC, initiated on June 25, 2014
("September 17 Order").  See U.S. Bankr. Ct. No. 14-90038,
Docket # 15; Civil No. 14-00488.  The adversary proceeding
complaint was dismissed pursuant to Local Bankruptcy Rule 7001-2,
which states, "Whenever a case is dismissed, any adversary
proceeding filed in connection with that case will be dismissed
without prejudice unless otherwise ordered, and any proceedings
that have been removed to the bankruptcy court in connection with
that case shall be remanded."

Collins has appealed the bankruptcy court's August 29
Order dismissing the Chapter 13 bankruptcy proceeding, the
September 16 Order denying reconsideration of that order, and the
September 17 Order dismissing the adversary proceeding based on

4

the dismissal of the underlying bankruptcy proceeding.  See Civ.
No. 14-00453 SOM/BMK, ECF No. 1, PageID # 2 (Referral of Appeal
stating that Collins is appealing the orders of August 29, 2014,
and September 16, 2014, which refused to confirm Collins's
Chapter 13 Plan and dismissed her bankruptcy case, and which
refused to reconsider that order); Civ. No. 14-00488 SOM/BMK, ECF
No. 1-2, PageID # 4 (Referral of Appeal stating that Collins is
appealing the order of September 17, 2014, which dismissed the
adversary proceeding complaint).  This court has consolidated
these appeals.  See ECF No. 21.

On January 23, 2015, Collins filed her Appellant's
Brief.  See Civ. No. 14-00453 SOM/BMK, ECF No. 69.  On January
29, 2015, Collins filed a motion to amend her Appellant's Brief,
as well as a proposed Amended Appellant's Opening Brief.  See
Civ. No., 14-00453 SOM/BMK, ECF Nos. 79 (motion to amend brief)
and 75-2 (proposed Amended Appellant's Brief).

**III.     STANDARD OF REVIEW.**

This court reviews a bankruptcy court's findings of
fact for clear error and its conclusions of law de novo.  See In
re Kimura (United States v. Battley), 969 F.2d 806, 810 (9th Cir.
1992) ("The court reviews the bankruptcy court's findings of fact
under the clearly erroneous standard and its conclusions of law
de novo.").

This court reviews for abuse of discretion bankruptcy court orders denying motions for reconsideration. In re O'Kelley, 420 B.R. 18, 22 (D. Haw. 2009) (citing In re Weiner, 161 F.3d 1216, 1217 (9th Cir. 1998), for proposition that Ninth Circuit reviews bankruptcy court orders independently of Bankruptcy Appellate Panel's decision, and bankruptcy court's denial of motion for reconsideration is reviewed for abuse of discretion); In re Greco, 113 B.R. 658, 662 (D. Haw. 1990).

**IV.    ANALYSIS.**

Chapter 13 of the United States Bankruptcy Code

> provides a system for the financial rehabilitation, through adjustment of debts, of individuals having a regular source of income, such as a salary or profits from a business. It is designed to protect such a debtor operating thereunder by insulating the debtor from creditors' pressures while the debtor pays off the allowed claims on a regular basis under a plan to be filed by the debtor (11 U.S.C.A. § 1321) and confirmed by the Bankruptcy Court (11 U.S.C.A. § 1325).

126 A.L.R. 665 § 2.

The confirmation of a Chapter 13 plan is governed by 11 U.S.C. § 1325. See Hamilton v. Lanning, 560 U.S. 505, 508 (2010) ("Section 1325 of Title 11 specifies circumstances under which a bankruptcy court 'shall' and 'may not' confirm a plan"). That section states:

> (a) Except as provided in subsection (b), the court shall confirm a plan if--

(1) the plan complies with the provisions of this chapter and with the other applicable provisions of this title;

(2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;

(3) the plan has been proposed in good faith and not by any means forbidden by law;

(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

(5) with respect to each allowed secured claim provided for by the plan--

    (A) the holder of such claim has accepted the plan;

    (B)(i) the plan provides that–

        (I) the holder of such claim retain the lien securing such claim until the earlier of--

            (aa) the payment of the underlying debt determined under nonbankruptcy law; or

            (bb) discharge under section 1328; and

        (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

        (ii) the value, as of the effective date of the plan, of property to be

distributed under the plan on account of such claim is not less than the allowed amount of such claim; and

>>(iii) if-

>>>(I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and

>>>(II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or

>(C) the debtor surrenders the property securing such claim to such holder;

(6) the debtor will be able to make all payments under the plan and to comply with the plan;

(7) the action of the debtor in filing the petition was in good faith;

(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and

(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

Under 11 U.S.C. § 1307(c), a bankruptcy case under Chapter 13 may be dismissed for "(1) unreasonable delay by the debtor that is prejudicial to creditors . . . [or] (5) denial of confirmation of a plan under section 1325 of this title and

denial of a request made for additional time for filing another plan or a modification of a plan."

On August 28, 2014, a hearing was held to determine whether Collins's Third Amended Chapter 13 Plan should be confirmed. At that hearing, Bankruptcy Judge Faris denied confirmation of the plan, determining that there was no reasonable prospect that any plan would be confirmed in any reasonable amount of time. He noted that there had been an unreasonable delay in getting any plan confirmed and stated that the plan would only work if secured claims were "reduced to zero or something close to zero." See Transcript of Confirmation Hearing Third Amended Plan and Trustee Dismissal of Case at 2-3, ECF No. 77-1, PageID #s 2867-68. He orally dismissed Collins's Chapter 13 bankruptcy case. Id. at 6, 11, ECF No. 77-1, PageID #s 2871, 2876. A written order followed on August 29, 2014. See U.S. Bankr. Ct. No. 13-01783, Docket # 194.

Collins sought reconsideration of the August 29 Order. That motion was denied on September 16, 2014, as Collins "offer[ed] no new arguments or evidence . . .[and] failed to carry her burden." See U.S. Bankr. Ct. No. 13-01783, Docket # 209.

Given the dismissal of Collins's Chapter 13 bankruptcy case, Bankruptcy Judge Faris dismissed the adversarial proceeding Collins had filed against Countrywide Home Loans, Inc., and

9

Bayview Loan Servicing, LLC, as required by Local Bankruptcy Rule 7001-2.  See U.S. Bankr. Ct. No. 14-90038, Docket # 15; Civil No. 14-00488.

Before the court are Collins's appeals of the order denying confirmation of her proposed plan and dismissing her Chapter 13 case, the order denying reconsideration of that order, and the order dismissing the adversarial proceeding because the Chapter 13 case had been dismissed.

On January 23, 2015, Collins filed her Appellant's Brief.  See Civ. No. 14-00453 SOM/BMK, ECF No. 69.  On January 29, 2015, Collins filed a motion to amend that brief.  See Civ. No., 14-00453 SOM/BMK, ECF Nos. 79 (motion to amend brief) and 75-2 (proposed Amended Appellant's Brief).  The court grants her motion to file the Amended Appellant's Brief.

Collins misunderstands the nature of the appeals before this court.  Rather than explaining why the Bankruptcy Court erred in denying confirmation of her proposed Chapter 13 plan and in dismissing the case, Collins spends most of her brief on other issues.  Viewed in the light most favorable to her, Collins's appeal argues that, had she been allowed to continue her case, "she would have been able to show feasibility of a confirmable plan after certain claimants would have been eliminated from the case."  See ECF No. 75-2 at 12, PageID # 2406.  But Collins provides little detail as to how any plan would have been

feasible.  At most she says that, had the Bankruptcy Court examined the secured claims, two of three claimants would have been determined not to have secured claims.  See ECF No. 75-2 at 13, PageID # 2407.  Offering only unsupported assertions about what might have happened, Collins fails to show that her Chapter 13 bankruptcy case should not have been dismissed.  Collins raises issues while failing to demonstrate error.  Nor do the many documents she submits without explanation as to their relevance show error by the bankruptcy court.

Collins makes no attempt to demonstrate that she proposed a Chapter 13 plan that satisfied the requirements of 11 U.S.C. § 1325.  She does not show that the bankruptcy court erred in finding unreasonable delay that prejudiced claimants for purposes of § 1307(c).  Reviewing the matter de novo, this court agrees that her Third Amended Plan was unfeasible, as it assumed a reduction to zero of secured claims.  Despite Collins's multiple attempts to submit a viable plan, Collins never came close to satisfying the statutory requirements.  It appears that she was using the Chapter 13 bankruptcy as a tool to delay foreclosure proceedings and other debt collection activities.  This court agrees that dismissal of her Chapter 13 case was appropriate given the unreasonable delay in offering a confirmable Chapter 13 plan.

Collins filed her Chapter 13 petition on October 20, 2013. After multiple proposals spanning nearly 10 months, during which claimants had to respond multiple times, no confirmable plan loomed. Collins's confusing Appellant's Brief suggests that she continues to have no vision of what a viable plan requires.

Under these circumstances, this court affirms the bankruptcy court's orders declining to confirm Collins's Third Amended Chapter 13 Plan and dismissing her Chapter 13 case. See In re Paulson, 477 B.R. 740, 743 (8th Cir. B.A.P. 2012) (affirming dismissal of bankruptcy petition based on unreasonable delay in obtaining confirmation of a plan in case involving five plans proposed over six months with no progress towards confirmation).

Because Collins demonstrates no error in the bankruptcy court's dismissal of her Chapter 13 case, this court also affirms the bankruptcy court order dismissing the adversarial proceeding.

**V.     CONCLUSION.**

The court affirms the Bankruptcy Court orders that 1) denied confirmation of Collins's Third Amended Chapter 13 Plan, 2) dismissed Collins's Chapter 13 case, 3) denied reconsideration of those rulings, and 4) dismissed the adversarial proceeding.

The court affirms the Bankruptcy Court orders without a hearing pursuant to Local Rule 7.2(d) and without waiting for any

Appellee Brief, as Collins's brief on its face shows no entitlement to the relief requested.  The Clerk of Court is directed to terminate the appeals at issue in the consolidated cases before this court, Civil Nos. 14-00453 SOM/BMK and 14-00488 SOM/BMK.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, February 5, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

In re Gabi Kim Collins, Civ. No. 14-00453 SOM/BMK, and Gabi Kim Collins v. Countrywide Home Loans, Inc., et al., Civ. No. 14-00488 SOM/BMK; ORDER AFFIRMING BANKRUPTCY COURT ORDERS